UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON MARIO SIMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,<br><br>    Defendant. | Case No. 2:23-cv-00768-VBF-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

I. **Pertinent Procedural History and Plaintiff's Claims**

On August 3, 2023, Plaintiff Carlton Mario Sims ("Plaintiff"), who is proceeding pro se, filed a First Amended Complaint under 42 U.S.C. § 1983 against Defendant California Department of Corrections and Rehabilitation Health Care Department Chief S. Gates ("Gates"). [Dkt. No. 8 at 3.] Plaintiff alleges that he received inadequate medical treatment after contracting COVID-19. [Id. at 4-5.] He seeks $20,000 in damages for the pain and suffering he has endured. [Id. at 5.]

On January 9, 2024, the Court issued a screening order dismissing the First Amended Complaint for failure to comply with Federal Rule of Civil

Procedure 8 and directed Plaintiff to file a Second Amended Complaint curing the defects identified by the Court no later than February 6, 2024. [Dkt. No. 9.] The Court's Order was mailed to the address listed on the First Amended Complaint, which was the California State Prison – Los Angeles County, in Lancaster, California. [Id.]

On February 12, 2024, the Court's order was returned from California State Prison-Los Angeles County with a notation "RETURN TO SENDER--inmate out to court." [Dkt. No. 10.]

On February 16, 2024, the Court issued an Order to Show Cause ("OSC") re: Plaintiff's current address and failure to file a Second Amended Complaint. [Dkt. No. 11.] According to the California Incarcerated Records & Information Search ("CIRIS"), Plaintiff was in the custody of the CDCR at Salinas Valley State Prison, 31625 Highway 101, Soledad, CA, 93960. *See* https://cdcr.ca.gov/search. The Court ordered Plaintiff to provide a current address and a Second Amended Complaint curing the deficiencies outlined in Docket Number 9 to the Court no later than March 13, 2024. [Id.] Plaintiff was cautioned that if he failed to respond to the OSC, the Court would recommend dismissal of this action for failure to prosecute. [See id.] The OSC was mailed to the address listed on the docket and to Salinas Valley State Prison. [Id.]

On March 12, 2024, the Court's OSC was returned from California State Prison-Los Angeles County and Salinas Valley State Prison with notations "RETURN TO SENDER--inmate out to court." [Dkt. Nos. 12-17.]

To date, Plaintiff has not responded to the Court's orders, provided an updated address, or otherwise communicated with the Court about his case since August 2023. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

## II. Discussion

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in favor of dismissal. Plaintiff did not file a Second Amended Complaint or provide an updated address. His failure to file an amended complaint or update his address—or show good cause for his delay—prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendant – does not counsel in favor of dismissal because no viable pleading exists, and thus Defendant is unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay, given that the Court has attempted to mail several orders to Plaintiff and has received no communication. In the absence of any explanation, non-

frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court, update his address, and file an amended complaint. Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal. [*See* Dkt. Nos. 9, 11.] Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal.  The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated:  August __21__, 2024

/s/ Valerie Baker Fairbank
_____
HONORABLE VALERIE B. FAIRBANK
UNITED STATES DISTRICT JUDGE

5